UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE LEWIS SCHMALSTIG, also known as Abdul Mu' Min Is' Haq<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 16-3795 (MCA)<br><br>OPINION |

Petitioner Bruce Lewis Schmalstig, also known as Abdul Mu' Min Is' Haq,[1] has been granted permission by the Third Circuit to proceed with a second or successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. For the reasons explained below, the Court denies the motion and also denies a certificate of appealability.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

On April 22, 1994, Schmalstig was found guilty by a jury of all counts of a ten-count indictment charging him "with three bank robberies (violating 18 U.S.C. §§ 371, 2113(a) and (d)) and three firearm offenses (violating 18 U.S.C. § 924(c))." *United States v. Schmalstig*, 41 F. App'x 591, 591 (3d Cir. 2002) (non-precedential). On December 23, 1994, the District Court

---

[1] The instant Motion was filed in the Third Circuit on June 24, 2016, by the Federal Public Defender. A search of the Bureau of Prisons ("BOP") inmate locator returns no results for Bruce Lewis Schmalstig. A search using Petitioner's alias indicates that a prisoner with the same alias was released on January 13, 2017. *See* https://www.bop.gov/inmateloc/, last visited December 22, 2022. The parties, however, have not updated the Court regarding whether Petitioner was released or provided his current address.

[2] The factual background and dates are taken from the parties briefs and the available record.

(Hon. William J. Bassler, U.S.D.J.) sentenced him "to almost sixty-seven years of imprisonment" and the Court of Appeals affirmed his conviction. *Id.*

Schmalstig subsequently collaterally attacked his sentence under 28 U.S.C. § 2255 on the ground that his attorney had misinformed him about his maximum exposure at trial with respect to his multiple counts of conviction for using firearms during a crime of violence. *Id.* Accordingly, Judge Bassler dismissed two of Schmalstig's § 924(c) counts of conviction and resentenced Schmalstig "to twenty-five years imprisonment" for his remaining convictions "as if he had accepted the government's 1994 plea offer." *Schmalstig*, 41 F. App'x at 591. Those convictions were for: conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count 1); bank robbery in violation of 18 U.S.C. § 2113(a) & 2 (Counts 2, 5, and 8); armed bank robbery, in violation of 18 U.S.C. § 2113(d) & 2 (Counts 3, 6, and 9); and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4). *See* Amended Judgment filed October 25, 2001, attached to the government's Answer as Exhibit A. The Third Circuit affirmed this sentence on July 30, 2002. *See Schmalstig*, 41 F. App'x at 594; Court of Appeals Docket # 01-3649.

On June 24, 2016, Schmalstig filed a successive § 2255 motion in this Court, which was administratively terminated on March 27, 2018. *See* Docket Entry Nos. 1, 3 in Civil Case No. 16-cv-03795. On August 29, 2019, Schmalstig filed the current § 2255 motion, after obtaining leave to do so from the Third Circuit Court of Appeals. *See* ECF No. 5. That motion argues that, in light of *Johnson v. United States*, 576 U.S. 591 (2015), and its progeny, Schmalstig's conviction under 18 U.S.C. § 924(c) must be vacated because his contemporaneous armed bank robbery convictions no longer constitute "crimes of violence." *See* ECF No. 1.

On December 18, 2019, the Court directed the government to answer the motion. ECF No. 6. The government filed its Answer opposing the motion on January 30, 2020. ECF No. 7. Petitioner did not file a reply brief.

## II.   STANDARD OF REVIEW

Title 28, United States Code, Section 2255 permits a court to vacate, correct, or set aside a sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255.

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).

The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### III.     DISCUSSION

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591 (2015), and struck down as unconstitutionally vague the residual clause of the Armed Career Criminal Act of 1984 ("ACCA").  On April 17, 2018, the Supreme Court held that a similarly-worded provision of 18 U.S.C. § 16(b) was also unconstitutionally vague.  *See Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  On June 24, 2019, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" was also void for vagueness.  *United States v. Davis*, 139 S. Ct. 2319 (2019).

From the outset, the Court finds that it has jurisdiction over Schmalstig's motion because his claims rely on the rules announced in *Johnson*, *DiMaya*, and *Davis*, and it is "plausible on the face of" the motion that the District Court sentenced him under the now-void residual clause. *See Herrera-Genao v. United States*, No. 16-3786, 2020 WL 2520281, at *3–4 (D.N.J. May 18, 2020).  As a result, the Court may address the merits of Schmalstig's claims.  *See In re Matthews*, 934 F.3d 296, 301 (2019) ("Whether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry.").

In his Motion, Schmalstig argues that his federal bank robbery convictions do not qualify as crimes of violence under 18 U.S.C. § 924(c) in light of *Johnson* and its progeny.  Generally, § 924(c) prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  Prior to the Supreme Court's decision in *Davis*, the statute defined a "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Davis*, the Supreme Court held that the "residual clause," § 924(c)(3)(B), was unconstitutionally void for vagueness. 139 S. Ct. at 2336. The "elements clause," § 924(c)(3)(A), however, remains valid, and an offense is now a "crime of violence" within the meaning of the statute only if it meets the definition contained in the elements clause. *See id.*

The Supreme Court in *Davis* also held that courts must use the categorical approach when deciding whether a conviction is a crime of violence under the elements clause. *See Davis*, 139 S. Ct. at 2328. As stated above, the elements clause defines a crime of violence as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To apply the categorical approach in the present case, this Court "must ask whether the minimum conduct punishable" under the relevant statutory provision qualifies as a crime of violence under the elements clause of § 924(c). *See Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (explaining that, under the categorical approach, we "presume that the conviction rested upon nothing more than the least of the act criminalized, and then determine whether even those acts are encompassed by the generic federal [definition of § 924(c)]" (citations and internal quotation marks omitted)).

In order to overturn his Section 924(c) conviction, Schmalstig would have to demonstrate that his federal bank robbery convictions do not constitute crimes of violence under Section 924(c). His claim is meritless in light of current Third Circuit precedent.

The Third Circuit has already held that a conviction for armed bank robbery under 18 U.S.C. § 2113(d) constitutes a crime of violence under the elements clause. In *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018), the Third Circuit observed that § 2113(d) provides penalties for a person who "in committing ... any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a

dangerous weapon or device." *Id.* at 203–04.  Then, the Court reasoned that "assault[ing] someone or putting a life in jeopardy ... by the use of a dangerous weapon," satisfies the elements clause because it "has as an element the use, attempted use, or threatened use of physical force." *Id.* at 204 (alteration in original) (quoting § 924(c)(3)(A)) (internal quotation marks omitted).  That is, one "cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force." *Id.*  Accordingly, the Third Circuit concluded that armed bank robbery under § 2113(d) is categorically a crime of violence under the elements clause of § 924(c). *Id.*  Thus, Petitioner's conviction for armed bank robbery under § 2113(d) remains a valid predicate for his 924(c) conviction.

Petitioner also argues that bank robbery by intimidation under § 2113(a)[3] does not qualify as a crime of violence sufficient to sustain Petitioner's § 924(c) conviction.  The Court

---

[3] Section 2113(a) is comprised of two distinct paragraphs:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

As a threshold matter, the Court must determine if these two paragraphs are divisible.  An indivisible statute contains a single set of elements that may "enumerate[ ] various factual means of commi[ssion]."  *Mathis v. United States*, 579 U.S. 500, 506 (2016).  By contrast, a statute is "divisible" when it "comprises multiple, alternative versions of the crime" *See Descamps v. United States*, 570 U.S. 254, 257 (2013).  When a statute is divisible, and when some of the

disagrees.[4] In *United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018), the Third Circuit held that bank robbery by intimidation, as set forth in § 2113(a) categorically qualifies as a crime of violence under§ 4B1.2(a)'s "elements" clause, which is "nearly identically worded" to the elements clause of § 924(c)(3)(A). *Id.* at 83, 85 (citing *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009)).

The Third Circuit explained that "[w]hether the theft of money from a bank involved intimidation is determined under an objective standard and from the victim's perspective, i.e., whether an ordinary person in the ... teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *Id.* at 85 (internal quotation marks omitted). Consequently, the Third Circuit concluded that robbing a bank by intimidation, the minimum culpable conduct under § 2113(a), involves the use, attempted use, or threatened use of physical force against the person of another.[5] *See id.*

---

alternative elements require the use, attempted use, or threatened use of physical force while others do not, courts employ the so-called "modified" categorical approach. *Descamps*, 570 U.S. at 257. Under this approach, the court looks to a specific subset of materials, including the indictment and jury instructions, to determine which of the enumerated alternatives within the statute constituted the actual crime of conviction. *See Mathis*, 579 U.S. at 505-506.

Here, the Court concludes without difficulty that § 2113(a) is a divisible statute. *See, e.g., King v. United States*, 965 F.3d 60, 70 (1st Cir. 2020) (holding that § 2113(a) is a divisible statute); *see also United States v. Wilson*, 880 F.3d 80 84 n.3 (3d Cir. 2018) (leaving undisturbed the District Court's determination that § 2113(a) is a divisible statute "because it contain[s] two paragraphs, each containing a separate version of the crime"). As such, the Court analyzes only the first paragraph of § 2113(a), which comprises bank robbery "by force and violence, or by intimidation[.]"

[4] In unpublished decisions, the Third Circuit has analyzed unarmed bank robbery by intimidation as the least culpable conduct for federal bank robbery. *See, e.g.*, *United States v. King*, No. 16-3329, 2022 WL 1451391, at *1 (3d Cir. May 9, 2022) (noting that the predicate statute 18 U.S.C. § 2113(d) references § 2113(a)).

[5] The Third Circuit also rejected the argument that the bank robbery by intimidation is not a crime of violence because one can be convicted under that statute without intending to intimidate anyone. *See Wilson*, 880 F.3d at 85-86.

Although *Wilson* analyzed § 2113(a) bank robbery through the elements clause of § 4B1.2 of the Sentencing Guidelines, the Third Circuit's reasoning applies equally to § 924(c)'s elements clause. *See id.* at 83. As explained by the Third Circuit, because the definitions of "crimes of violence" are sufficiently similar under the Sentencing Guidelines and § 924(c)(3)(A), courts generally apply "authority interpreting one ... to the other." *Id.* (quoting *Hopkins*, 577 F.3d at 511) ("It is not a new question, though, because seven of our sister circuits have had to address this question and have concluded that bank robbery by intimidation does indeed qualify as a 'crime of violence' under § 4B1.2(a)(1) or the nearly identically worded 'elements' clause of ...18 U.S.C. § 924(c)(3)(A).").

In *Johnson*, *supra*, the Third Circuit relied on its decision in *Wilson*, 880 F.3d at 88, and concluded that § 2113(a) bank robbery by intimidation would also qualify as a "crime of violence under the § 924(c) elements clause." 899 F.3d at 204. The Third Circuit explained that Johnson was convicted under § 2113(d), rather than under § 2113(a), but that even if he were correct, the Court would have held that § 2113(a) bank robbery qualifies as a crime of violence. *See id.*

Courts in this circuit have relied on *Johnson* and *Wilson* to conclude that § 2113(a) bank robbery is categorically a crime of violence. *See, e.g., King*, 2022 WL 1451391, at *1 (relying on *Wilson* in finding that "unarmed bank robbery by intimidation is categorically a crime of violence"); *Rosado v. United States*, No. 19-17220, 2022 WL 3273908, at *6 (D.N.J. Aug. 11, 2022) ("This Court likewise concludes that § 2113(a) bank robbery qualifies as a crime of violence under the elements clause."); *Taylor v. United States*, No. 16-3194, 2021 WL 4472990, at *4 (D.N.J. Sept. 30, 2021) (same); *Ford v. United States*, No. 20-12241, 2021 WL 4306827, at *4 (D.N.J. Sept. 22, 2021) (same); *United States v. Scott*, No. 09-72, 2021 WL 674250, at *10

(M.D. Pa. Feb. 22, 2021) (same); *United States v. Caballero*, No. 08-73, 2021 WL 949450, at *3 (M.D. Pa. Mar. 12, 2021) (same); *Herrera-Genao*, 2020 WL 2520281, at *4 (same).  This Court also concludes that § 2113(a) bank robbery by intimidation qualifies as a crime of violence under the elements clause.

In conclusion, the Court denies the instant Motion because Petitioner's federal bank robbery convictions under § 2113(a) and § 2113(d) constitute crimes of violence under the elements clause.  The Court also denies a certificate of appealability ("COA"), as reasonable jurists would not find the Court's assessment debatable.  *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV.     CONCLUSION

The Court denies the instant Motion and denies a COA.  An appropriate Order follows.

_____
Hon. Madeline Cox Arleo
United States District Judge

DATED December 28, 2022.